**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 3 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FRANCISCO J. GIL,

                Plaintiff - Appellant,

    v.

J. WOODEND, Lieutenant,

                Defendant - Appellee.

No. 13-17190

D.C. No. 1:09-cv-00917-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Former California state prisoner Francisco J. Gil appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging a

violation of his right to due process in connection with the forfeiture of good time

credits following a rules violation hearing. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996).

We may affirm on any basis supported by the record, *Gordon v. Virtumundo, Inc.*,

575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment because Gil failed to

raise a genuine dispute of material fact as to whether he was improperly denied

procedural protections during his rules violation hearing, and whether defendant

incorrectly imposed a good time credit loss of 121 days.  *See Wolff v. McDonnell*,

418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison

disciplinary proceedings); *see also* Cal. Code Regs. tit. 15, § 3323(d) (2007)

(providing a credit forfeiture range of 121-150 days for certain offenses);

*Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are

satisfied if "some evidence" supports disciplinary decision to revoke good time

credits).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject Gil's contentions concerning certain policy changes arising from

*In re Dikes*, 18 Cal. Rptr. 3d 9 (Ct. App. 2004), revisions to the California Code of

Regulations that were not in effect at the time of Gil's rules violation hearing,

alleged fraud by defendants, and alleged bias of the magistrate judge.

Appellant's motion to file a late and oversized reply brief, filed on December 16, 2014, is granted. The Clerk shall file the reply brief received on December 16, 2014.

**AFFIRMED.**